JOHN V. GRIGSBY *v.* JAMES P. LOCKNANE.

**Contracts—Construction.**

> Appellee sold to appellant fifteen beef cattle, to be paid for at the same rate per pound which other seven cattle owned by appellee, would bring in the Covington market and which were to be started the next day to that place. The cattle were not started on the 17th, but 20th and arrived at Covington on Saturday evening, 21st of December. The market was dull and low when appellee reached Covington, and he withdrew his cattle from the market until a more favorable time to sell. Held, that the appellee could not increase appellants responsibility, for the fifteen head by withdrawing the seven from the market to await better prices.

ǀ

APPEAL FROM CLARK CIRCUIT COURT.

anuary 20, 1870.

OPINION OF THE COURT BY JUDGE WILLIAMS:

December 16, 1867, appellee sold to appellant fifteen beef cattle, to be paid for at the same rates per pound, gross, which other seven cattle owned by appellee, would bring in the Covington market, and which were to be started the next day to that place. The cattle were not started on the 17th, but on the 20th, and arrived at Covington Saturday evening, 21st of December. It ordinarily took from two to four days to get beef cattle through from Winchester to Covington, the parties residing near the former place.

There were two sale days per week in the Covington market, Mondays and Thursdays, the current market rates being for currency and not gold and silver.

The market was dull and low when Locknane reached Covington, consequently he withdrew his cattle from market and sent them to the country to feed until a better state of market should recur, and did not sell until January 2, and then on thirty days' time.

Grigsby insists that he is only responsible for the market price of such cattle as the seven of Locknane, on the first market day after the cattle should have arrived, at least on the first market

day after they did reach Covington; whilst Locknane insists he was not bound to sell on the first market day, but could await a reasonable time in the exercise of ordinary prudence.

It is very apparent from the evidence that the parties differed as to the Covington market, which doubtless, to a great extent, regulated the price in the surrounding country, as they had also differed as to the value of the cattle; when Grigsby thinking that Locknane's information, which he professed to have from Covington, was not reliable, proposed to take the choice fifteen of his herd at the rates the other seven would bring in the Covington market, they to be started the next day, which was accepted.

No discretion as to when they were to be sold was either asked or granted, but they were to be immediately started for market. This, together with the disagreement of the parties as to the then market price at Covington, leaves little room to doubt that both parties understood that the price should be governed by what the seven retained cattle would bring so soon as they could be gotten to Covington.

The market value on the first sale day, after reasonable time for Locknane to transport the seven cattle to Covington, is the proper criterion, at least as to the defendant, and certainly not more than the value on the first sale day after they actually arrived at Covington; and this, too, at cash rates and not when time is negotiated for. Whatever may have been ordinary prudence in Locknane as to the sale of his seven beef cattle at Covington, he could not increase Grigsby's responsibility for the fifteen by withdrawing the seven from market to await future and better price.

As the judgment is for dollars, which in this State can only be discharged in gold, the actual gold value of the currency should be ascertained and this amount adjudged, unless the parties should agree that currency shall discharge it.

As the instructions and judgment are adverse to these views, the judgment is reversed, with directions for a new trial and further proceedings consistent herewith.

Judge Robertson seeing no sufficient reason for changing the construction of the contract hitherto given by this court in affirming the judgment of the circuit court, does not concur with the majority in the construction indicated in this opinion.

*Buckner, for appellant.*

*Huston, for appellee.*